## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

DIANA L. BASS,

      **Plaintiff,**

**v.**                                                            **Case No: 5:13-cv-380-Oc-PRL**

COMMISSIONER OF SOCIAL
SECURITY

      **Defendant.**

---

## ORDER

This case is before the Court for consideration of Petitioners Chantal Harrington and Elizabeth Stakenborg's Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Doc. 26).

On March 20, 2014, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding the case to the Social Security Administration for further proceedings. (Doc. 22).   Judgment was entered on March 21, 2014.  (Doc. 23).   Subsequently, the Court entered an order awarding attorney's fees to Plaintiff under the Equal Access to Justice Act ("EAJA") in the sum of $3,983.53.   (Doc. 25).

Thereafter, on remand, Plaintiff's case was assigned to Administrative Law Judge Arnold, who entered a favorable decision on December 22, 2014.  (Doc. 26-3).  Plaintiff was awarded benefits beginning in June 2009.  (Doc. 26-4).  The total amount withheld for attorneys' fees was $37,950.73 (25% of past due benefits, which totaled $151,802.90).  Petitioners recite that Attorney Stakenborg represented Plaintiff at the administrative level and is filing a Fee Petition for payment of 406(a) fees in the amount of $10,000 from the amount withheld for payment of

attorneys' fees.   Petitioners are seeking $20,000 for federal court work pursuant to 42 USC § 406(b).   Petitioners recite that the remainder of the attorneys' fees withheld after payment of 406(a) and 406(b) fees ($7,960.73) should be returned to Plaintiff.   Petitioners recite that their request amounts to a fee of only 13% percent of past-due benefits ($20,000), as a 42 U.S.C. § 406(b) fee.

In support of the motion, Petitioners have filed a copy of the "Contract for Federal Appeal" fee agreement between Attorneys Harrington and Stakenborg and Plaintiff, which provides for attorney's fees of 25 percent of past due benefits.   (Doc. 26-3).   Petitioners also state that the Commissioner is not opposed to the requested fees under 42 U.S.C. § 406(b) in the amount of $20,000. (Doc. 26).   Counsel acknowledges that they must refund Plaintiff the previously awarded $3,983.53 EAJA fee award because it is the smaller of the two awards.   *See* Public Law 99-80, §3, 99 Stat. 183, 186 (1985).

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant.   The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. Sec 406(b)(1).   As required by *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002) - the Supreme Court's pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.   "A contingent-fee agreement is not per se reasonable.   Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment."   *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456

(W.D. N.Y. 2005).   As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases.   *Gisbrecht*, 535 U.S. at 805.   In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.   *Id.* at 808.

Here, the Court finds that the requested attorney's fees are reasonable.   The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation they are not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff.   The Commissioner does not oppose the attorney fee award requested by Petitioners.

Accordingly, for these reasons, Petitioners' Motion (Doc. 26) for Attorney's Fees Under 42 U.S.C. § 406(b) is **GRANTED**.   Section 406(b)(1) fees are approved for Plaintiff's counsel, Chantal J. Harrington, Esquire, and Elizabeth Stakenborg, Esquire, in the sum of $20,000.00 to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration.   In addition, counsel for Plaintiff is directed to return to Plaintiff the sum of $3,983.53, representing the EAJA fees that previously were awarded to counsel by this Court.

**DONE** and **ORDERED** in Ocala, Florida on April 23, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties